IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALDO AVALOS, § | | |
|     Plaintiff, § | | |
| § | | |
| VS. § | | C.A. NO. C-04-646 |
| § | | |
| JO ANNE B. BARNHART, Commissioner, § | | |
| Social Security Administration, § | | |
|     Defendant. § | | |

## ORDER GRANTING PLAINTIFF'S
## MOTION TO COMPLETE THE RECORD

Plaintiff filed a social security disability benefits action pursuant to 42 U.S.C. § 205. Pending is plaintiff's motion to complete the record.

Plaintiff claimed that the Commissioner failed to include several documents in the administrative record submitted to this Court. (D.E. 14). Plaintiff requests that the additional documents be submitted by the Commissioner for inclusion in the administrative record before this Court. (D.E. 14). Specifically, he asserts there are four sets of documents missing from the record, which include correspondence between plaintiff's counsel and the Appeals Council and a large number of medical records that were submitted to the Appeals Council for consideration in its review. (D.E. 14).

In response to plaintiff's motion, defendant filed a supplemental administrative record with this Court containing three of the four sets of documents requested by the plaintiff. (D.E. 20). Omitted from the supplemental administrative record was a letter dated October 29, 2004 from plaintiff's counsel to the Appeals Council requesting the Appeals Council to reopen the denial of benefits and to extend the time for filing in federal court. (D.E. 14). All of the documents in

question were submitted for the first time to the Appeals Council, having not been submitted during the initial stages of the plaintiff's application for disability benefits. (D.E. 14).

Concerning the three documents that have been included in the supplemental transcript, no further action is required by the Court as plaintiff's motion is moot with regard to those three documents. However, the issue as to the October 29, 2004 letter from plaintiff's counsel to the Appeals Council is still ripe. The Court must determine whether evidence submitted for the first time on appeal to the Appeals Council is considered part of the record that can be reviewed by this Court. The Fifth Circuit recently explained "evidence submitted for the first time to the Appeals Council is part of the record on appeal." Higginbotham v. Barnhart, 405 F.3d 332, 337 (5th Cir. 2005). This is true even where the Appeals Council has refused the plaintiff's request for review. Id. at 336.

Accordingly, plaintiff's motion to compel the Commissioner to complete the record, (D.E. 14), is GRANTED. The Commissioner is hereby ORDERED to include in the administrative record the October 29, 2004 letter from plaintiff's counsel to the Appeals Council.

ORDERED this 1st day of September 2005.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE