IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALDO AVALOS, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. C-04-646 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of the Social Security | § | |
| Administration, | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO REMAND CASE FOR RECONSIDERATION

Plaintiff brought this action seeking review of the Commissioner's final decision that plaintiff is not disabled, and therefore, is not entitled to receive disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. The Administrative Law Judge ("ALJ") identified plaintiff's medically determinable impairments as post traumatic stress disorder and depression, but found that plaintiff failed to establish he was disabled at anytime as defined by the Social Security Act. 20 C.F.R. §§ 404.1520(c) (2005). Tr. 17-19.

Plaintiff moves to remand the case to the Commissioner for proper development of the record. (D.E. 12, 21). The government has filed a reply to plaintiff's motion, and also moves for summary judgment. (D.E. 18). For the reasons stated herein, it is respectfully recommended that plaintiff's motion to

remand the case to the Commissioner for reconsideration be granted, and that the government's motion for summary judgment be denied.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 42 U.S.C. § 405(g).

## II.  BACKGROUND

Plaintiff filed his disability application on March 16, 2001, claiming an inability to work since January 1, 1986, due to post traumatic stress disorder ("PTSD"), diabetes, high blood pressure, and anxiety.  Tr. 42-45, 55.[1]  These disorders caused problems with plaintiff's memory, and ability to concentrate.  Tr. 55.

Plaintiff's application was initially denied in May 2001.  Tr. 22.  His application was also denied on reconsideration.  Tr. 29.  He then requested a hearing by an ALJ.  Tr. 33.  The ALJ held an administrative hearing on February 6, 2003 in Corpus Christi, Texas.  Tr. 35, 188.  On May 12, 2003, the ALJ issued his decision holding that the plaintiff was not disabled, and therefore, not entitled to DIB benefits pursuant to the Social Security Act.  Tr. 17-19.  Plaintiff then filed a request for review with the Appeals Council.  Tr. 13.  On October 6, 2004, plaintiff's counsel submitted a letter brief, detailing alleged errors made by the ALJ,

---

[1] "Tr." refers to the administrative record, (D.E. 7, 20, 24), followed by the relevant page number.

and provided additional medical records to the Appeals Council to be considered in their review.  Tr. 205-434.

Plaintiff's request for review was denied on October 8, 2005.  Tr. 6.  After receiving this denial, plaintiff's counsel implored the Commissioner to reopen the case, and requested an extension of time to file a federal suit.  Tr. 443.  On November 12, 2004, the Appeals Council denied plaintiff's request to reopen his case, and granted plaintiff a thirty-day extension, in which to file a federal suit.  Tr. 435.  Plaintiff filed the instant suit in this Court on December 7, 2004.  (D.E. 1).  A summons was issued to the Commissioner, in the present case, on December 8, 2004.  (D.E. 2).

However, on January 21, 2005, the Appeals Council sent plaintiff another letter stating it had received additional records, and that there was no reason to reopen his case.  Tr. 4.  The letter stated these additional records included medical records from the Veterans' Administration ("VA") dated between the years 1984 to 2003, and also included a psychiatric review dated September 27, 2004.  Id.

## III.  LEGAL STANDARDS

### A.    Social Security Act Disability Benefits Requirements

The Social Security Act establishes that every individual who is insured for DIB, has not attained the set retirement age, has filed an application for disability benefits, and is under a disability is entitled to receive disability benefits.  42 U.S.C.

§ 423(a)(1).  In order to qualify for DIB benefits, a disability must be proven to exist during the time that claimant was insured pursuant to the requirements of insured status of the Social Security Act.  42 U.S.C. §§ 416(i)(3), 423(c)(1).  If it is determined that claimant became disabled after he lost insured status, his claim must be denied even if he now suffers from a disability.  Id.

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act further provides:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence  . . .  "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

**B.**     **Social Security Administration Regulations And Rulings**

To determine if an individual suffers from a disability, as defined by Congress, the Commissioner has promulgated regulations containing a five-step sequential process to be used by the Social Security Administration.  20 C.F.R. §§ 404.1520, 416.920 (2005).  A disability finding at any point in the five-step sequential process is conclusive and ends the analysis.  Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990) (citation omitted).  A claimant bears the burden of proof on the first four steps with the burden shifting to the Commissioner at the fifth step. Bowling v. Shalala, 36 F.3d 431, 435 (5th Cir. 1994).  The claimant must prove that: (1) he is not presently engaged in substantial gainful activity; (2) he suffers from an impairment or impairments that are severe; and (3) the impairment meets or equals an impairment listed in the appendix to the regulations; or (4) due to claimant's residual functional capacity ("RFC") the impairment prevents the claimant from doing past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); see also Bowling, 36 F.3d at 435; Villa, 895 F.2d at 1022.

The Fifth Circuit has held that "[t]he first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities."  Loza v. Apfel, 219 F.3d 378, 390 (5th Cir. 2000).  The Commissioner may find a claimant's impairment

fails to meet the significant limitation requirement of step two, "'only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" Id. at 391 (citing Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985)).  The Fifth Circuit stressed the necessity for strict adherence to its standard by stating:

> we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used.  Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.

Stone, 752 F.2d at 1106 (emphasis added); see also Loza, 219 F.3d at 393.

Step three requires claimants to prove any impairment meets one or more of the impairments listed in the regulations, which includes both physical and mental impairments.  20 C.F.R. § 404, Subpt. P, App. 1.  Mental impairments are listed in the appendix under Part A § 12.00, which contains three criteria for determining the severity of the listed mental impairments.  Id.  These criteria look at whether there is marked interference with activities of daily living, social functioning, concentration, persistence or pace, and repeated episodes of decompensation.  Id. at Part A § 12.00(A).  Episodes of decompensation "are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as

6

manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." Id. at Part A § 12.00(A)(4).

Under the fourth step, if the claimant is unable to show his impairment meets one of the listed impairments, then he must show, based on the assessment of his RFC, he is unable to perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The RFC takes into consideration that the claimant's impairments may cause physical and mental limitations that affect his or her ability to work. 20 C.F.R. §§ 404.1545, 416.945. The RFC is the most a claimant can do despite any limitations caused by an impairment. Id. All relevant evidence in the record, including medical and non-medical evidence, is taken into consideration by the Commissioner when making a determination of a claimant's RFC. Id.

The Commissioner must consider all of plaintiff's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical and non-medical evidence in the record. SSR 96-7p, 1996 WL 374186 (S.S.A.). In cases where the symptoms alleged include pain, the RFC must throughly discuss and analyze the objective medical and other evidence in relation to the symptoms. SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.). This discussion must include a resolution of any inconsistencies in the record, address a

logical explanation of effects of the alleged symptoms on the individual's ability to work, contain a determination of why symptom related functional limitations can or cannot be reasonably accepted as consistent with medical or non-medical evidence, and address any medical opinions contained in the record.  Id.

If the claimant is able to meet his burden under the first four elements, the burden shifts to the Commissioner.  The fifth step requires the Commissioner to determine, based on the claimant's RFC, age, education, and work experience, if the claimant can make an adjustment to other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work, the Commissioner will find that the claimant is not disabled.  Id.  On the other hand, if the claimant cannot make an adjustment to other work, the Commissioner will find the claimant is disabled.  Id.

## C.    Judicial Review

Judicial review of the Commissioner's decision regarding a claimant's entitlement to benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards.  Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000) (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales,

402 U.S. 389, 401 (1971); accord Carey, 230 F.3d at 135.  The Fifth Circuit has described this burden as more than a scintilla, but lower than a preponderance. Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).  A finding of "'no substantial evidence'" occurs "only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"  Johnson v. Bowen, 864 F.2d 340, 344 (5th Cir. 1988) (per curiam) (citation omitted).

If the Commissioner's findings are supported by substantial evidence, the Court must defer to the Commissioner, and affirm the findings.  See Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002).  In applying the substantial evidence standard, the Court scrutinizes the record to determine whether such evidence is present.  Johnson, 864 F.2d at 343.  This review of the record does not:

> involve a simple search of the record for isolated bits of evidence which support the Secretary's decision.  [A court] must consider the record as a whole, Orlando v. Heckler, 776 F.2d 209, 213 (7th Cir. 1985), and "'[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'"

Singletary v. Bowen, 798 F.2d 818, 823 (5th Cir. 1986) (citations omitted).

The Court, however, does not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner.  Masterson, 309 F.3d at 272; Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994) (citations omitted). Factual conflicts that exist in the record are for the Commissioner and not the Court

to resolve.  Masterson, 309 F.3d at 272.  It is incumbent upon the Court to look at the evidence as a whole and take into account the following factors: (1) objective medical evidence or clinical findings; (2) diagnosis of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and others who have observed him; and (4) the claimant's age, education and work history.  Wren v. Sullivan, 925 F.2d 123, 126 (5th Cir. 1991) (citations omitted).

## IV.  ADMINISTRATIVE RECORD

Plaintiff was fifty-nine years old, possessed a seventh grade education, and had no vocationally relevant past work experience at the time of the administrative hearing.  Tr. 17.  He claimed he became disabled on January 1, 1986.  Tr. 42-45.  Plaintiff alleged his disabilities included PTSD, diabetes, high blood pressure, and anxiety.  Id.  Plaintiff has indicated that his disorders have caused him to make job related changes, including stopping all work activity due to his general inability to function.  Tr. 55.

The administrative record, available at the time of the administrative hearing, contains evidence of plaintiff's disorders, dating from 1989 to late 2004.  A clinic note, dated April 18, 1985, states that plaintiff suffered from clearly documented PTSD.  Tr. 171.  There is also a letter from the VA stating plaintiff was granted full benefits due to his PTSD disability.  Tr. 172.  A medical certificate from the VA, dated April 6, 1994, states plaintiff was sent from VA Center for a psychiatric

evaluation.  Tr. 145.

In addition, there are letters from the Frank M. Tejeda Outpatient Clinic.  Tr. 173, 170.  In these records, Dr. Carolyn Starkley stated that plaintiff had been a patient of the clinic since 1995.  Tr. 173.  Dr. Starkley also stated that plaintiff had been diagnosed with PTSD and a major depressive disorder.  Id.  She explained that this diagnosis is based on his life-threatening experiences in Vietnam.  Id.

During his testimony, plaintiff stated that since Vietnam, his life has not been the same.  Tr. 201.  He explained how many fellow Marines died in front of him, and in some cases they died in his arms. Tr. 202.  He further provided a detailed description of an incident, in which, he was attempting to rescue a fellow Marine, and the enemy opened fire.  Id.  The fellow Marine's brains and blood were sprayed all over plaintiff, and due to their location, plaintiff was forced to live with this matter on his body for days.  Id.  Plaintiff claimed this experience, along with others from Vietnam, have caused him numerous problems, and have basically ruined his life.  Tr. 202-03.  He stated there are many things that he is now unable to do, and that on some days he is unable to leave his bedroom.  Tr. 203.  After plaintiff's testimony about these matters, the ALJ ended the hearing without any further questions.  Tr. 204.

In his three-page decision, the ALJ stated he had taken into consideration the medical evidence in the record, including the clinic noted dated April 18, 1985.  Tr.

11

18.  It appears that he did not find this evidence credible based on his statement that

the note was not signed, and the medical source was not named.  Id.  The ALJ also

discussed the VA letter dated January 31, 1986, which granted plaintiff a 100

percent service-connected disability rating due to his PTSD.  Id.  The ALJ found

that he was not bound by the decision of another agency's finding that plaintiff was

disabled, citing 20 C.F.R. § 404.1504.  The ALJ also stated there was no other

relevant medical evidence in the record dated prior to December 31, 1989.  Id.

The ALJ's decision then shifts to a discussion of a state agency opinion of

the plaintiff's alleged disabilities.  Id.  The state agency performed two psychiatric

reviews of plaintiff.  Tr. 78-93, 153-67.  The determination of both evaluations was

that there was insufficient evidence to establish a disability prior to Decemeber 31,

1989.  Id.  However, neither opinion provided any significant detailed analysis, but

rather found there was no evidence to complete the relevant portions of the

evaluation.  Id.  The ALJ stated that the state agency medical doctors found there

was insufficient evidence to determine a level of impairment, and that he concurred

with their assessment.  Tr. 18.

The ALJ did note that he was aware that plaintiff alleged he cannot work due

to his PTSD, anxiety, and high blood pressure.  Id.  However, the ALJ found that

"[t]he record does not document any severe impairment, and accordingly, the

symptoms alleged by the claimant as a result of the non-severe impairment cannot

be found to be credible." Id.  The ALJ found that plaintiff did not have an

impairment "that as of December 31, 1989, significantly limited his ability to

perform basic work-related activities; therefore, the claimant does not have a severe

impairment (20 C.F.R. § 404.1521)." Tr. 19.

After the ALJ handed down his decision, plaintiff obtained counsel who

submitted a request to review of the ALJ's decision to the Appeals Council.  Tr. 13.

Plaintiff's counsel submitted a letter brief, and 226 pages of additional medical

records to the Appeals Council.  Tr. 205-434.  These additional medical records

were not available to the ALJ during the administrative hearing.

Among these records was a psychiatric review performed on September 27,

2004.  Tr. 208-12.  The review was based on records obtained from the Houston

VA, where plaintiff was treated for severe and chronic PTSD.  Tr. 211.  The

Houston VA's records dated from January 1984 to December 1989.  Id.  The

September 27, 2004 psychiatric review was completed by a team of doctors at the

Frank M. Tejeda Outpatient Clinic.  Id.  The evaluation found that "there is no

question that Mr. Avalos has suffered from symptoms of Post Traumatic Stress

Disorder since his return from Vietnam, including the time period in which he

received treatment for this disorder at the VA in Houston."  Id.  The review also

found that Mr. Avalos was unable to maintain sustained employment due to his

PTSD related symptoms.  Tr. 212.

The Houston VA records referred to by the Frank M. Tejeda Outpatient Clinic doctors included detailed progress notes from 1984 to 1987.  Tr. 213-50. These records contain over twenty pages of medical records that note that plaintiff suffered from PTSD.  Id.  Plaintiff's PTSD is described as presenting a "very clear picture" of PTSD.  Tr. 216-20.  At other points in these medical records, his PTSD is described as severe.  Tr. 222, 227-28.

Additional medical records cover the time period of early 1994 to late 1995. Tr. 251-288.  In these records, plaintiff's PTSD is noted, along with detailed discussions of his flashbacks and his thoughts of suicide.  Id.  His PTSD is discussed on at least ten pages of these records.  Tr. 257, 274, 278-80, 284-9.  In late 1995, Dr. Starkley diagnosed plaintiff with chronic and severe PTSD.  Tr. 286.  She found that the PTSD severely impaired the plaintiff, both socially and industrially. Id.  Dr. Starkley further stated that plaintiff was completely disabled, and unemployable.  Id.  In 1995, plaintiff began treatment for his PTSD, which continued through the filing of this lawsuit.  The remaining records cover this treatment.  Tr. 305-434.

## V.  <u>DISCUSSION</u>

Plaintiff based his claim for DIB benefits on PTSD, diabetes, high blood pressure, and anxiety.  Tr. 42-45, 55.  He alleged these disorders caused problems with his memory, ability to concentrate, and ability to maintain employment.  Tr.

14

55.  A federal district court's review of a denial of social security benefits must take into consideration denials by the Appeals Council, and any additional evidence submitted to the Appeals Council.  Higginbotham v. Barnhart, 405 F.3d 332, 337-38 (5th Cir. 2005).  Despite the additional medical evidence submitted to the Appeals Council, plaintiff's request for reconsideration was denied.  Taking the whole administrative record into consideration, it seems apparent that the Commissioner's denial of benefits is not supported by substantial evidence.  42 U.S.C. § 405(g).

Plaintiff raises several objections to the ALJ's decision.  First, he argues that the Appeals Council failed to consider new and material evidence relevant to the claim.  (D.E. 12, at 1).  Second, he asserts that the ALJ failed to advise the plaintiff of his right to counsel.  Id.  Third, he claims that the ALJ denied the claimant to his right to a full and fair hearing.  Id.  Fourth, he argues that the ALJ failed to obtain relevant medical records.  Id.  Finally, he claims that the ALJ failed to properly consider the plaintiff's mental impairment.  Id.

**A.    New and Material Evidence**.

A federal district court may remand a case to the Commissioner for reconsideration of newly presented evidence "upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).  The Fifth Circuit has held that for new evidence to be considered material there must be a

"'reasonable possibility that it would have changed the outcome of the Secretary's determination.'"  Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994) (quoting Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981)).  It has further held that for evidence to be considered material requires that the evidence relate to the relevant time period.  see Haywood v. Sullivan, 888 F.2d 1463, 1471 (5th Cir. 1989) (per curiam).

The evidence in question are the voluminous medical records submitted by plaintiff's counsel, along with a letter brief on October 6, 2004.  The Appeals Council first denied plaintiff's request for review on October 8, 2004, stating it had taken into consideration the new evidence, but cited only two pages of medical records.  Tr. 7.  It appears clear that the Appeals Council did not review the evidence at this point that had been submitted by the plaintiff on October 6, 2004.  The next denial of the Appeals Council came on November 12, 2004.  Tr. 435.  This denial also failed to accurately acknowledge the additional evidence submitted.  Id.  Subsequent to the filing of this case, the Appeals Council issued another denial, *sua sponte*, in which it acknowledged the additional records.  Tr. 4.  The Appeals Council found that there was no reason to warrant changing the ALJ's decision because plaintiff had received minimal treatment prior to the date that he lost insured status.  Id.

Both the Appeals Council and ALJ made their decisions based on the fact

that there was insufficient medical evidence in the record, dated prior to December 31, 1989, concerning plaintiff's alleged disability, and therefore, found that plaintiff was not disabled.  In an apparent effort to demonstrate that the Commissioner had considered the additional records, the Appeals Council issued another denial in January 2005 discussing the new records, but ultimately came to the same conclusion as before that there was insufficient evidence.

The Court must first determine if the evidence submitted by the plaintiff is new and material.  42 U.S.C. § 405(g).  The Fifth Circuit has determined that in Social Security DIB cases the administrative record includes evidence that was submitted for the first time to the Appeals Council.  See Higginbotham, 405 F.3d at 337.  Here the evidence was submitted to the Appeals Council, but it does not appear it was reviewed prior to the filing of the present action in federal court.

Some of the evidence included is new because it was not issued prior to the ALJ's decision, this includes the September 27, 2004 retrospective diagnosis of PTSD.  Latham, 36 F.3d at 483-84 (finding VA disability rating was new evidence because it was not issued until after the Secretary's determination).  The other records are newly discovered VA records that were not requested from the VA previously.  Tr. 54.  The Social Security Administration's request sent to the VA specified any records pertaining to plaintiff's PTSD dating from January 1, 1986 to present.  Id.  However, the request only lists the Frank Tejeda Outpatient Clinic.  Id.

The records submitted by the plaintiff should be considered, because they have not been sufficiently reviewed because they were previously unavailable, or in some cases did not come into existence until after the ALJ's denial.

In spite of the Appeals Council's last denial, which occurred after this case was filed, it seems likely that there is a reasonable possibility that a proper review of the evidence submitted by the plaintiff would have changed the outcome in this case.  The ALJ and state agency experts stressed the lack of sufficient medical evidence available for the time period of when the plaintiff was last insured, prior to December 31, 1989.  The additional records submitted by plaintiff's counsel contain a significant number of medical records from this time period that establish plaintiff was receiving treatment for his PTSD.

Even if the evidence is new and material, it must also be shown that there was good cause for the failure to incorporate the evidence into the record in a prior proceeding.  42 U.S.C. § 405(g).  In the present case, the evidence was submitted as part of the prior proceeding, but was not reviewed by the Appeals Council prior to plaintiff's filing in federal court.  After reviewing the records submitted to the ALJ, plaintiff's counsel discovered that there were medical records from the VA that had not been taken into consideration by the ALJ.  Counsel obtained the relevant records, and submitted them to the Commissioner in a timely fashion.

Based on the foregoing analysis, it is respectfully recommended that the

Court remand the case to the Commissioner for consideration of the new and material evidence submitted by plaintiff that has not been reviewed.

**B.    Applicable Legal Standards.**

Even if the Court determines that the evidence submitted by the plaintiff is not new and material, and therefore, does not support a remand to the Commissioner for reconsideration, it is still respectfully recommended that the Court grant plaintiff's motion.  The Court's review, in this case, is limited to determining if the Commissioner's decision is supported by substantial evidence, and if it comports with the relevant legal standards.  Carey, 230 F.3d at 135.

Plaintiff argues that the Commissioner failed to consider the retrospective diagnosis of PTSD by his current treating physicians.  (D.E. 12, at 11).  The Fifth Circuit has held that "[r]etrospective medical diagnoses constitute relevant evidence of pre-expiration disability, and properly corroborated retrospective medical diagnoses can be used to establish disability onset dates."  Likes v. Callahan, 112 F.3d 189, 191 (5th Cir. 1997) (per curiam).  In Likes, the plaintiff suffered from PTSD that was uncorroborated by contemporaneous medical records, but was corroborated by lay evidence.  Id.  The Fifth Circuit has consistently held that retrospective diagnosis of PTSD can be corroborated by lay evidence related to the claimed periods of disability, and can be used to support a disability finding.  Loza, 219 F.3d at 396.

The government argues that plaintiff's case is distinguishable because the "Appeals Council considered records referenced in the September 24, 2004, evaluation before determining that Avalos was not disabled prior to December 31, 1989." (D.E. 18, at 7). This Court has held that "absent sufficient corroboration, lay or expert, of a retrospective diagnosis of PTSD," evidence of a mental diagnosis or disability after the expiration of insured status is "irrelevant to the ALJ's ruling." King v. Barnhart, 372 F. Supp.2d 932, 942 (S.D. Tex. 2005).

However, it appears that plaintiff's case is more in line with the claimant in Likes than the claimant in King. The ALJ had a medical record, and disability finding by the VA indicating that plaintiff suffered from PTSD. His current doctors diagnosed him with PTSD. Plaintiff then provided additional records to the Appeals Council, including medical records dated prior to the expiration of his insured status, and a psychiatric evaluation that made a specific retrospective diagnosis of PTSD.

In addition, the Commissioner did not apply the correct legal standard in determining if the plaintiff suffered from a severe impairment. The Fifth Circuit held that a non-severe impairment is limited "to a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." Stone, 752 F.2d at 1101 (citations omitted). It further held that it would presume

the ALJ and Appeals Council applied the incorrect standard in severity
determinations where they failed to reference the Stone decision, or provide an
express statement that adheres to the standard set forth in Stone. Id. at 1106; see
also Loza, 219 F.3d at 393.

The government contends that the ALJ did not apply an improper legal
standard in this case. (D.E. 18, at 11). The government is correct that the Fifth
Circuit has held an "ALJ did not misapply the standard for identifying a non-severe
impairment because the ALJ concluded that the alleged depression was no
impairment at all." Domingue v. Barnhart, 388 F.3d 462, 463 (5th Cir. 2004) (per
curiam) (plaintiff did not claim depression as an impairment, and provided no
evidence indicating how the alleged depression affected her ability to work). In
Domingue, the Fifth Circuit concluded that the ALJ's conclusion was fully
supported by substantial evidence in the record. Id.

However, plaintiff in the present case is distinguishable from the plaintiff in
Domingue. He has consistently claimed he is disabled due to his PTSD. There is
evidence in the record, including his testimony, concerning how his PTSD has
affected his job-related activities. The government's argument that where an ALJ
finds no disability there is no need for the application of the Stone severity
requirement is flawed. (D.E. 18, at 11-12). The ALJ's decision, in the present case,
found that "the claimant has the following medically determinable impairment(s):

post traumatic stress disorder and depression." Tr. 18. The ALJ found that plaintiff suffered from medical impairments, but that the impairments were not severe, and therefore, <u>Domingue</u> is not applicable. Tr. 19.

In discussing the severity requirement, the ALJ stated that plaintiff did not have an impairment or combination of impairments that is considered severe pursuant to the Social Security Act. Tr. 18. The ALJ found that "[t]he claimant does not have any impairment or impairments that as of December 31, 1989, significantly limited his ability to perform basic work-related activities; therefore, the claimant does not have a severe impairment (20 C.F.R. § 404.1521)." Tr. 19. Nowhere in the opinion does the ALJ reference the <u>Stone</u> decision, or the holding therein concerning the severity prong of the Commissioner's five-step analysis.

The failure to apply the correct standard, in determining whether an impairment is severe standing alone requires the claim to be remanded to the Commissioner for reconsideration. <u>Loza,</u> 219 F.3d at 393; <u>Stone</u>, 752 F.2d at 1106.

Courts have a limited function in reviewing the Commissioner's decision to award or not award DIB benefits under the Social Security Act. However, where the Commissioner's decision is not supported by substantial evidence in the record as a whole, and the ALJ improperly applied the applicable legal standards, a Court may remand the claim for reconsideration.

## VI.  <u>RECOMMENDATION</u>

For the foregoing reasons, it is respectfully recommended that plaintiff's motion to remand the claim to the Commissioner for proper development, (D.E. 12, 21), be granted.  It is respectfully recommended that the government's motion for summary judgment, (D.E. 18), be denied, and that the decision of the Commissioner denying plaintiff's application for DIB benefits be vacated.

Respectfully submitted this 21st day of October 2005.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).